```
                    United States District Court
                      District of Massachusetts
 _____
                               )
ACCESS NOW, INC., R. DAVID NEW,)
and STEPHEN THEBERGE,          )
                               )
        Plaintiffs,            )
                               )
        v.                     )    Civil Action No.
                               )    17-11211-NMG
SPORTSWEAR, INC.,              )
                               )
        Defendant.             )
 _____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiffs Access Now, Inc. ("Access Now"), R. David New ("New") and Stephen Théberge ("Théberge") (collectively "plaintiffs") bring this action against Sportswear, Inc. ("Sportswear"), an e-commerce retailer, alleging that Sportswear's website violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. Plaintiffs claim that they, individually, and Access Now's members have been unable to access Sportswear's website because it is incompatible with screen reader programs that assist individuals suffering from visual impairments.

Pending before the Court is Sportswear's motion to dismiss the complaint for lack of personal jurisdiction (Docket No. 12). For the following reasons, the motion to dismiss will be allowed, in part, and denied, in part.

-1-

## I. Background

Plaintiff Access Now is a non-profit organization which provides advocacy services on behalf of blind and other disabled individuals. Access Now has members in 47 states, including residents of Massachusetts. Plaintiff R. David New is a resident of Florida and the President of Access Now. Plaintiff Stephen Théberge is a resident of Massachusetts. Both individual plaintiffs are legally blind.

Sportswear, Inc. is headquartered in Seattle, Washington where it maintains its corporate office. Sportswear also owns a manufacturing plant in Louisville, Kentucky. Sportswear does not maintain property in Massachusetts and employs no individuals in Massachusetts. Sportswear derives 3.78% of its revenue from sales in Massachusetts.

The individual plaintiffs attempted to access Sportswear's website but found it unusable in light of certain barriers to access. The plaintiffs allege that the website is incompatible with screen readers which are programs that convert text to audio to allow individuals suffering from visual impairments to access the content and services of websites. Plaintiffs submit, for example, that the buttons on Sportswear's website lack labels that would describe their purpose to a screen reader user and error messages on the website do not provide sufficient information to such a user. Plaintiffs state that they would

like to, and intend to attempt accessing Sportswear's website in the future.

## II. Defendant's Motion to Dismiss

### A. Legal Standard

On a motion to dismiss for want of personal jurisdiction, plaintiff bears the burden of showing that the Court has authority to exercise jurisdiction over defendants. See Mass. Sch. of Law at Andover, Inc. v. ABA, 142 F.3d 26, 33-34 (1st Cir. 1998). The Court must take facts alleged by plaintiff as true and construe disputed facts favorably towards plaintiff. See Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994).

In a diversity suit, this Court acts as "the functional equivalent of a state court sitting in the forum state." See Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 8 (1st Cir. 2009). As such, this Court must determine whether (1) jurisdiction is permitted by the Massachusetts long-arm statute and (2) the exercise of jurisdiction coheres with the Due Process Clause of the United States Constitution. Id.

Due process demands a showing of general or specific personal jurisdiction by plaintiff. See Negron-Torres v. Verizon Commc'n, Inc., 478 F.3d 19, 24 (1st Cir. 2007). Plaintiffs must demonstrate that defendants have made sufficient contacts with

the forum state to justify the exercise of that jurisdiction. Id.

### B. Analysis

Plaintiffs do not dispute Sportswear's contention that it is not subject to the general jurisdiction of this Court. Plaintiffs contend that this Court has specific jurisdiction over Sportswear because Sportswear purposely availed itself of the privilege of conducting activities in Massachusetts and plaintiffs' ADA claim arises out of Sportswear's contact with the forum.

#### 1. Plaintiffs Access Now and David New

Plaintiffs Access Now and New are not Massachusetts residents and have not demonstrated that this Court has specific jurisdiction over Sportswear with respect to their claims. Although Access Now states that it has members in Massachusetts, it has not identified any individual members, other than Théberge, who have attempted to access Sportswear's website or who have been injured by an inability to access it. In their opposition memorandum, plaintiffs rest their specific jurisdiction argument on Théberge's ADA claims, stating that "plaintiff Théberge's claims relate to defendant's Website, which defendant makes available in Massachusetts", without reference to Access Now or New's claims.

The plaintiff bears the burden of proving that the court has personal jurisdiction over a defendant. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50-51 (1st Cir. 2002). In order for a court to exercise personal jurisdiction, "the suit must arise out of or relate to the defendant's contacts with the forum". Bristol-Myers Squibb Co. v. Superior Ct. of Calif., 137 S. Ct. 1773, 1780 (2017). Where there is no connection between the underlying controversy and the forum, the court does not have specific jurisdiction over a claim. Id. at 1781 (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

In Bristol-Myers, the Supreme Court made clear that nonresident plaintiffs cannot demonstrate that a court has personal jurisdiction over a defendant by bootstrapping their claims to those of resident plaintiffs. Id. at 1781. In that case, the nonresident plaintiffs claimed that they were injured by a prescription drug that was not prescribed, purchased or ingested in the forum, California. Id. The Court held that

> [t]he mere fact that other plaintiffs were prescribed, obtained, and ingested [the drug] in California—and allegedly sustained the same injuries as did the nonresidents—d[id] not allow the State to assert specific jurisdiction over the nonresidents' claims.

Id.; see also Access Now, Inc. v. Otter Prods., Inc., 280 F.3d 287 (D. Mass. 2017) (noting that the same two out-of-state plaintiffs who bring claims in this case, Access Now and New,

-5-

did not have a basis for asserting personal jurisdiction over the defendant); McDonnell v. Nature's Way Prods., LLC, No. 16-cv-5011, 2017 WL 4864910, at *4 (E.D. Ill. Oct. 26, 2017) (holding that a state "may not assert specific jurisdiction over a nonresident's claim where the connection to the state is based on the defendant's conduct in relation to a resident plaintiff, and not the nonresident plaintiff").

Plaintiffs New and Access Now have not demonstrated that there is a connection between the forum and the specific claims at issue other than through Théberge. The plaintiffs appear to concede that nonresident plaintiffs New and Access Now have no connection to the forum in their opposition memorandum, referencing only Théberge's ADA claims as giving rise to jurisdiction. Accordingly, plaintiffs New and Access Now have not met their burden and the Court finds that it does not have specific jurisdiction with respect to their claims. Sportswear's motion to dismiss will be allowed, with respect to plaintiffs Access Now and New.

### 2. Plaintiff Stephen Théberge

#### a. Massachusetts Long-Arm Statute

Théberge contends that the Massachusetts long-arm statute authorizes this Court's exercise of personal jurisdiction over Sportswear because Sportswear's business transactions give rise to the ADA claims, M.G.L. c. 223A § 3(a), and Sportswear caused

a tortious injury, § 3(b).  Sportswear responds that the Massachusetts long-arm statute may impose more restrictive limits than the Constitution.  It contends that Théberge's claim arises from the creation and maintenance of the website, which occurred in Washington, rather than the products offered for sale in Massachusetts.

The Massachusetts long-arm statute provides, in relevant part, that a court may exercise personal jurisdiction

> over a person [] as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth.

M.G.L. c. 223A § 3.  The definition of "transacting any business" is interpreted broadly under Massachusetts law. United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1087 (1st Cir. 1992) (collecting federal and state cases interpreting the long-arm statute and determining that the phrase "transacting any business" is "regularly construed . . . in a generous manner").  To determine whether a claim arises from a defendant's "transacting business", a court looks to whether the transacted business was a but for cause of the harm alleged in the claim. Cossart v. United Excel Corp., 804 F.3d 1, 18 (1st Cir. 2015).

Théberge has presented sufficient evidence to support a finding that Sportswear transacted business within the meaning of the long-arm statute.  Sportswear generates 3.78% of its

annual revenue from online sales in the Commonwealth and features products bearing the names of Massachusetts schools, universities and athletic teams.  Those actions are sufficient under the long-arm statute to support a conclusion that Sportswear transacted business in the forum. See United Elec., Radio & Mach. Workers of Am., 960 F.2d at 1087 (holding that a defendant need not have a physical presence in the forum and stating that the test "focuses instead upon whether the defendant attempted to participate in the commonwealth's economic life").

Having found that Sportswear transacts business in the forum, within the meaning of the Massachusetts long-arm statute, the Court must next determine whether the claim "arises from" that activity.  The complaint alleges that Sportswear's website limits accessibility to consumers who suffer from visual impairments seeking to purchase products from the website. Théberge documents his attempt to access the website, with the use of his screen reader, from Attleboro, Massachusetts. Because Théberge's denial of access to Sportswear's website occurred in the forum, the injury arises from Sportswear's transaction of business through its website in Massachusetts. See Otter Prods., 280 F.3d at 292.

### b. Due Process

This Court may assert specific jurisdiction when defendants have certain minimum contacts with Massachusetts such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945)(internal quotation marks omitted). When assessing whether the exercise of jurisdiction comports with due process, the court evaluates

> (1) whether the claim directly arises out of, or relates to, the defendant's forum state activities; (2) whether the defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable; and (3) whether the exercise of jurisdiction is reasonable.

Cossart, 804 F.3d at 20 (internal citation omitted).

#### i. Relatedness

The relatedness factor depends upon "whether the claim underlying the litigation . . . directly arise[s] out of or relate[s] to, the defendant's forum-state activities." Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 10 (1st Cir. 2009) (internal quotation marks omitted). The relationship between the claim and the forum-state conduct cannot be remote. See Harlow v. Children's Hosp., 432 F.3d 50, 61 (1st Cir. 2005).

The relatedness inquiry is, however, a "flexible, relaxed standard." Pritzker v. Yari, 42 F.3d 53, 60-61 (1st Cir. 1994).

Sportswear contends that because Théberge's claim alleges that the development and coding of the website is insufficient under the ADA, the claim is not related to its Massachusetts activities, but rather the website development that occurs in Washington. As discussed above in the Court's analysis of the Massachusetts long-arm statute, Théberge's ADA claim relates to Sportswear's activities in the forum. Théberge attempted to and intends to access Sportswear's website from within the forum and therefore there is a sufficient "affiliation between the forum and the underlying controversy". Bristol-Myers Squibb, 137 S. Ct. at 1780 (citing Goodyear, 564 U.S. at 919).

### ii. Purposeful Availment

As the next step in the inquiry, the Court must determine whether

> defendant's in-state contacts [identified in the relatedness inquiry] represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.

Cossart, 804 F.3d at 21 (citing C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 66 (1st Cir. 2014)) (internal alterations omitted). The inquiry places its emphasis on the defendant's intentions and precludes an exercise of jurisdiction

based solely on "random, fortuitious or attenuated contacts". Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)).

The record here indicates that Sportswear availed itself of the forum state's economic activities by targeting the residents of the Commonwealth with products featuring Massachusetts universities, schools and athletic teams. Such targeting evinces a voluntary attempt to appeal to the customer base in the forum. See Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 5 (1st Cir. 2016) (internal citation omitted) (emphasizing that the key points of the inquiry are "the voluntariness of defendants' relevant Massachusetts contacts and the foreseeability of the defendants falling subject to Massachusetts's jurisdiction"). Sportswear's product line decisions manifest an intent to "deliberately target its behavior toward the society or economy of a particular forum". Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 36 (1st Cir. 2016).

### iii. Reasonableness

Finally, this Court must consider a number of "Gestalt factors," including (1) defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) plaintiff's interest in convenient and effective relief, (4) the judicial system's interest in obtaining efficient resolution of

controversies and (5) the common interest of all sovereigns in promoting substantive social policies. Burger King Corp., 471 U.S. at 477.

Sportswear contends that exercising jurisdiction here would be unreasonable because Sportswear's center of gravity is located a great distance from Massachusetts, Massachusetts has little interest in the dispute and there is no advantage to the judicial system in adjudicating the dispute in Massachusetts.

Another session of this Court has cautioned that the reasonableness factors play a large role in cases involving the Internet where commercial transactions can occur across the nation quickly and with the click of a button. Photographic Illustrators Corp. v. A.W. Graham Lumber, LLC, 196 F. Supp. 3d 123, 131 (D. Mass. 2016). In that case, however, the defendant was a small hardware store in Kentucky which made one sale to Massachusetts in eleven years and the sale of that shovel occurred just two weeks before the filing of the complaint. Id.

Here, the Gestalt factors indicate that exercising jurisdiction over Sportswear would be fair and reasonable. First, Sportswear is a large company, with over $15 million in annual revenue. Sportswear does not identify any unique burden and appeals only to the convenience of a different forum. See Baskin—Robbins, 825 F.3d at 40 (making clear that the first factor is only determinative where the party can demonstrate a

special burden more significant than cross-country travel) (internal citations omitted). Massachusetts has a clear interest in protecting the interests of its visually-impaired residents. Burger King, 471 U.S. at 473 (holding that a state "generally has a manifest interest in providing its resident with a convenient form for redressing injuries inflicted by out-of-state actors") (internal citation omitted).

The third factor involves the convenience of the forum for the plaintiff. Courts generally accord the plaintiff's choice of forum a degree of deference. Sawtelle v. Farrell, 70 F.3d 1381, 1395 (1st Cir. 1995). The last two factors are neutral here. Given that Théberge is a Massachusetts resident and the forum has a clear interest in adjudicating the grievances of its disabled residents, exercising jurisdiction in this instance would be fair, reasonable and consistent with the requirements of due process.

### ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 12) is, with respect to plaintiffs New and Access Now, **ALLOWED,** but with respect to plaintiff Théberge, **DENIED. So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated March 22, 2018